GENE A. & BEVERLY A. STONE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stone v. Commissioner
Docket No. 10021-89
United States Tax Court
T.C. Memo 1991-206; 1991 Tax Ct. Memo LEXIS 230; 61 T.C.M. (CCH) 2588; T.C.M. (RIA) 91206; May 14, 1991, Filed *230 An appropriate order and decision will be entered. George M. Lewellen, for the petitioners. Kathryn Vetter, for the respondent. FAY, Judge. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on petitioners' Motion for Litigation Costs pursuant to section 7430 [1] and Rule 231, which we treated as a motion for administrative and litigation costs. Respondent determined a deficiency of $ 18,389 in petitioners' 1985 Federal income tax, together with additions to tax pursuant to sections 6661, 6653(a)(1), and 6653(a)(2) of $ 4,598, $ 920, and an amount to be determined, respectively. On July 11, 1990, the parties filed a stipulation of settlement in which respondent conceded that the deficiency for 1985 was only $ 1,100 and there were no additions to tax. Petitioners *231 then filed their Motion for Litigation Costs. Respondent, pursuant to this Court's Order, filed Respondent's Objection to Petitioners' Motion for Litigation Costs. On October 22, 1990, petitioners filed an Amendment to Motion for Litigation Costs. Neither party has requested a hearing, and this Court concludes that a hearing is not necessary for the proper consideration and disposition of the motion. Rule 232(a)(3). FINDINGS OF FACT At the time the petition in this case was filed, petitioners resided at 931 Jefferson Street, Red Bluff, California. On or about June 1, 1981, Jim Seale (hereafter Seale) and Gene Stone (hereafter petitioner Gene) formed a partnership, SSB Produce (hereafter SSB). In 1985, approximately four years after formation, petitioner Gene withdrew from SSB. At the time of his withdrawal, petitioner Gene had a deficit capital account of $ 53,344. On April 11, 1989, respondent issued a notice of deficiency to petitioners. The only adjustment to income in the notice of deficiency was with regard to SSB and was in the amount of petitioner Gene's deficit capital account, $ 53,344. The relevant part of respondent's "Explanation of Adjustment" is as follows: *232 Deducted losses of partners and other investors will be recaptured when the amount "at risk" decreases below zero. Partners are "at risk" with respect to an activity only to the extent of cash and adjusted basis of other property they contribute, as well as amounts borrowed for use of the activity for which they are personally liable. Your capital account is computed as to the amount of capital which you have at risk in the form of capital contribution, income minus losses taken on prior returns, and venture liabilities for which you are personally liable. Therefore, from records and information available, it has been determined that you received additional income in the amount shown from SSB Produce.
The explanation also included a detailed schedule of petitioner Gene's capital account. On May 15, 1989, petitioners filed their petition to this Court. In their petition, petitioners alleged, among others, the following errors: In determining that petitioners received income in the calendar year 1985 from SSB Produce in the amount of $ 52,227. Further, that said amount of income resulted from petitioners' capital account in the amount of $ (53,344). Additionally *233 , that petitioners did not have at risk a sufficient amount to allow deduction of prior year and current year losses (emphasis added).
Also in their petition, petitioners claimed that they were entitled to the use of income averaging. On June 19, 1989, respondent filed his answer. Along with a general denial that respondent had made any error in the notice of deficiency, respondent also denied, for lack of sufficient information, petitioners' assertion that petitioners were entitled to use income averaging. The parties exchanged correspondence which ultimately led to settlement. The settlement was premised on the agreement that a promissory note with a face value of $ 41,250, which had been executed by petitioner Gene to Seale, represented partial satisfaction of petitioner Gene's implied obligation to repay his deficit capital account. Also, the parties agreed to treat the difference between petitioner Gene's deficit capital account and the face value of this promissory note as a distribution in liquidation of petitioner Gene's interest in SSB. Finally, the settlement was calculated utilizing income averaging. OPINION Section 7430, as amended by the Technical and Miscellaneous *234 Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3747 (applicable to proceedings commenced after November 10, 1988), provides that the prevailing party may be awarded a judgment for reasonable administrative costs incurred in connection with administrative proceedings within the Internal Revenue Service and reasonable litigation costs incurred in connection with the court proceeding. In general, any party in the proceeding is considered the prevailing party only if it is established that (1) the position of the United States in the proceeding was not substantially justified; (2) the party substantially prevailed with respect to the amount in controversy or with respect to the most significant issue(s) presented; and (3) the party in question has a net worth not in excess of $ 2 million at the time the proceeding was commenced. Sec. 7430(c)(4)(A). However, a judgment for reasonable litigation costs will not be awarded unless we determine that the prevailing party had exhausted the administrative remedies available within the Internal Revenue Service prior to commencing an action in this Court. Sec. 7430(b)(1). Also, no litigation and administrative costs will be awarded *235 with respect to any portion of the administrative or court proceeding during which the prevailing party unreasonably protracted such proceeding. Sec. 7430(b)(4). Respondent concedes that petitioners have substantially prevailed with respect to the amount in controversy. Respondent also concedes that petitioners exhausted the administrative remedies available and did not unreasonably protract the proceedings. Thus, the issues remaining are (1) whether respondent's position in the proceedings was not substantially justified, and (2) whether petitioners had a net worth not exceeding $ 2 million at the time the petition was filed. Petitioners have the burden of proof. Rule 232(e). In order to determine whether or not respondent's position was substantially justified, we must determine when respondent's position was first established. This case was commenced on May 15, 1989, and, therefore, section 7430(c)(7) [2] is applicable. Pursuant to section 7430(c)(7), the position of the United States is the position taken by respondent in the court proceeding (section 7430(c)(7)(A)) and the position taken in the administrative proceeding as of the earlier of (1) the date petitioners receive *236 the notice of the decision of the Internal Revenue Service Office of Appeals, or (2) the date of the notice of deficiency (section 7430(c)(7)(B)). The applicable date for the position taken in the administrative proceeding herein is April 11, 1989, the date of the notice of deficiency. It is uncontested that respondent was reasonable [3] in issuing his notice of deficiency. Rather, in their above-referenced motion, petitioners contend that it is the position taken in respondent's notice of deficiency that is unreasonable. More specifically, petitioners argue that respondent's position in his notice of deficiency "can only be supported under a loss recapture theory as found in section 465(e)." Under section 465(e), losses [4] are recaptured when the amount "at risk" decreases below zero. Petitioners argue that the only loss subject to recapture was $ 3,232. Therefore , given respondent's *237 theory in his notice of deficiency, the $ 53,344 adjustment was unreasonable. Respondent concedes that the explanation in the notice of deficiency does make reference to "at risk" and section 465(e). However, respondent points out that the explanation also provides for a detailed analysis of petitioner Gene's deficit capital account. Moreover, the explanation concludes by stating "Therefore, from records and information available, it has been determined that you received additional income in the amount shown from SSB Produce." Thus, respondent argues that petitioners were made aware of the nature of the adjustment. We agree with respondent. The language in respondent's explanation is broad. We do not read respondent's *238 explanation as limiting respondent's theory to section 465(e) recapture. Moreover, we are confident that petitioners were cognizant of the breadth of respondent's notice of deficiency. In their petition, petitioners allege as errors both section 465(e) recapture income and income from petitioner Gene's deficit capital account. Petitioners also contend that respondent's position was unreasonable in that respondent failed to utilize income averaging when that method had been used on petitioners' 1985 Federal income tax return. We, however, hold that respondent was not unreasonable. In his answer, respondent responded to petitioners' allegation of error concerning this issue with a denial "for lack of sufficient present information." Petitioners have not proven that respondent had sufficient information to conclude petitioners were entitled to use income averaging. Additionally, we cannot determine from the record when respondent conceded the issue. Absent any evidence to the contrary, we are left with the belief that respondent conceded the issue within a reasonable time after such information was available. Petitioners have not proven otherwise. Finally, we have reviewed respondent's *239 position throughout the period beginning with the date the notice of deficiency was issued and ending with the date the parties settled. Based on the record, we cannot conclude respondent's position was unreasonable at any time during this period. Since petitioners have not proven that respondent's position was unreasonable, petitioners cannot qualify as a prevailing party as defined under section 7430(c)(4)(A). Therefore, we need not reach the issue of whether petitioners had a net worth not exceeding $ 2 million at the time the petition was filed. An appropriate order and decision will be entered. Footnotes
1. Except as otherwise provided, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 7430(c)(7) applies to cases commencing after November 10, 1988. A case commences on the date the petition is filed.↩
3. "Substantially justified" has been interpreted to mean reasonableness. ; .↩
4. In general, losses are defined as the excess of deductions over income. Sec. 465(d).↩